THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE No. 5:20-CT-03231-M

| | | |
|---|---|---|
| BRETT ABRAMS, | ) | **DEFENDANT** |
| | ) | **WILLIS J. FOWLER'S** |
| Plaintiff, | ) | **MOTION FOR AN** |
| | ) | **EXTENSION OF TIME** |
| v. | ) | **TO ANSWER OR** |
| | ) | **OTHERWISE RESPOND TO** |
| WILLIS J. FOWLER, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | Fed. R. Civ. P. 6(b) |
| Defendant. | ) | |

NOW COMES Defendant, Willis J. Fowler, ("Defendant Fowler"), pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to request that the Court grant him an additional thirty (30) day extension of time, up to and including Monday, July 18, 2022, to answer or otherwise respond to Plaintiff's Complaint. In support of this Motion, Defendant Fowler states the following:

1. Plaintiff in this action is an inmate currently housed at the Orange Correctional Center in the custody of the North Carolina Department of Public Safety, Division of Adult Correction ("DPS") at all times relevant to this action.

2. Plaintiff commenced this action by filing a Complaint on July 21, 2020. [D.E. 1]

3. On December 22, 2021, the Court completed its initial frivolity review and directed the Clerk to continue management of the case. [D.E. 8]

4. On the same date, the Clerk issued a Request for Waiver of Service of Summons and transmitted the waiver electronically to the N. C. Department of Public Safety for service upon Defendant Fowler. [D.E. 9]

5. On February 10, 2022, N. C. Prisoner Legal Services (NCPLS) offered to assist Plaintiff with conducting discovery and the Plaintiff filed his Notice of Acceptance on February 17, 2022. [D.E. 11, 12].

6. The Waiver of Service of Summons was also returned executed on February 17, 2022. [D.E. 13].

7. Following an unexpected and tragic loss, on April 8, 2022, undersigned counsel respectfully requested on behalf of Defendant Fowler, a sixty (60) day extension of the time to file an answer or otherwise respond to Plaintiff's Complaint, up to and including Friday, June 17, 2022. [D.E. 14]

8. On the same date, an order was entered allowing the requested extension of time. [D.E. 15]

9. Within days of the loss of two family members on April 8, 2022, on April 20, 2022, the undersigned counsel lost two additional family members, causing her to miss additional time from work.

10. The additional thirty-day enlargement of time requested herein will afford undersigned counsel the additional time needed to address deadlines extended in this and other matters as a result of the four deaths; and therefore to fully investigate the claims and factual allegations asserted in the Plaintiff's Complaint, the appropriate response, and the defenses available to Defendant Fowler. The undersigned believes that the extension of time is reasonable to accomplish these necessary steps, and that Defendant Fowler will be prejudiced, through no fault of his own, should such an extension be denied.

11. The length of the requested extension is further based upon upcoming and extended obligations in other matters, including but not limited to:

    a) NC Commissioner of Labor v. NC Division of Adult Correction, OSHNC 2021-6424

    b) NC Commissioner of Labor v. NCDPS, Caswell Correctional, OSHNC 2021-6350

    c) NC Commissioner of Labor v. Central Engineering, OSHNC 2020-6273

    d) NC Commissioner of Labor v. New Hanover Correctional Center, OSHNC 2020-6275

    e) NC Commissioner of Labor v. NC Correctional Institution for Women, OSHNC 2022-unknown

    f) NC Commissioner of Labor v. Randolph Correctional Center, no OSHNC number

    g) State v. Adams, NC COA 22-315

    h) State v. McNeil, NC COA 21-629

    i) State v. Cheers, NC COA 21-498

    j) State v. Davis, NC COA 20-811

    k) State v. O'Kelly, NC COA 20-693

    l) State v. Anthony, NC COA 18-1118

    m) State v. Holliday, NC Supreme 396P21

    n) State v. Cooper, NC Supreme 90P19-2

    o) State v. Harris, NC Supreme 548A04-3

      p) Jacobs v. NC Post-Release and Post-Conviction, Davidson Co. 18 CVS 2411

      q) Upshur v. Fowler, 5:20-CT-03124-BO

      r) Davis v. Scarborough, 3:21-CV-00132-MR

      s) McLester v. NC Post-Release and Post-Conviction, Wake Co. 19 CVS 11829

12. The time for responding to Plaintiff's response has not expired and does not expire until June 17, 2022.

13. Because Plaintiff is an incarcerated inmate, the undersigned has not contacted him to obtain his position regarding the requested extension of time. However, the undersigned respectfully suggests that Plaintiff would not be prejudiced if the requested extension of time is allowed.

WHEREFORE, for the reasons set forth above, for good cause, and in the interests of justice, Defendant Fowler respectfully requests that the Court grant him an extension of time up to and including Monday, July 18, 2022 [30 days falls on Sunday, July 17, 2022], to file an Answer or otherwise respond to Plaintiff's Complaint.

This the 3rd day of June, 2022.

                                      **JOSHUA H. STEIN**
                                      **ATTORNEY GENERAL**

/s/ *Sonya Calloway-Durham*
Sonya Calloway-Durham
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6576
Facsimile: (919) 716-6761
E-Mail: scalloway@ncdoj.gov
N.C. State Bar No. 21960
Attorney for Defendant Fowler

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the **DEFENDANT FOWLER'S MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have on this day, mailed said document to the following non-CM/ECF participant:

Brett Abrams
OPUS No. 0000400
Orange Correctional Center
P. O. Box 1149
Hillsborough, NC 27278

This the 3rd day of June, 2022.

/s/ *Sonya Calloway-Durham*
Sonya Calloway-Durham
Special Deputy Attorney General