THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE No. 5:20-CT-03231-M

| | | |
|---|---|---|
| BRETT ABRAMS, | ) | |
| | ) | **DEFENDANT** |
| Plaintiff, | ) | **WILLIS J. FOWLER'S** |
| | ) | **CONSENT MOTION TO EXTEND** |
| v. | ) | **CASE MANAGEMENT** |
| | ) | **DEADLINES** |
| WILLIS J. FOWLER, | ) | Fed. R. Civ. P. 6(b) |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Defendant, Willis J. Fowler, ("Defendant Fowler"), pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, requesting that the Court grant him a ninety (90) day extension of time, up to and including Monday, February 13, 2023 for close of discovery and Tuesday, March 14, 2023, to file dispositive motions. In support of this Motion, Defendant Fowler states the following:

1. Plaintiff in this action is an inmate currently housed at the Orange Correctional Center in the custody of the North Carolina Department of Public Safety ["NCDPS"], Division of Adult Correction, at all times relevant to this action.

2. Plaintiff commenced this action by filing a Complaint on July 21, 2020, which he amended on December 22, 2021, against Defendant in his official capacity for the North Carolina Post-Release Supervision and Parole Commission ["Parole Commission"]. [D.E. 1, 7]

3. On December 22, 2021, the Court completed its initial frivolity review and directed the Clerk to continue management of the case. [D.E. 8]

4. On the same date, the Clerk issued a Request for Waiver of Service of Summons and transmitted the waiver electronically to the N. C. Department of Public Safety for service upon Defendant Fowler. [D.E. 9]

5. On February 10, 2022, N. C. Prisoner Legal Services ["NCPLS"] offered to assist Plaintiff with conducting discovery and the Plaintiff filed his Notice of Acceptance on February 17, 2022. [D.E. 11, 12].

6. The Waiver of Service of Summons for Defendant Fowler was returned executed on February 17, 2022. [D.E. 13].

7. Following an unexpected and tragic loss, on April 8, 2022, undersigned counsel respectfully requested on behalf of Defendant Fowler, a sixty (60) day extension of the time to file an answer or otherwise respond to Plaintiff's Complaint, up to and including Friday, June 17, 2022. [D.E. 14]

8. On the same date, an order was entered allowing the requested extension of time. [D.E. 15]

9. On June 3, 2022, undersigned counsel respectfully requested an additional thirty (30) day extension of time to answer Plaintiff's Amended Complaint. [D.E. 16].

10. On the same date, an order was entered allowing second requested extension of time. [D.E. 17]

11. Defendant Fowler filed his Answer to Plaintiff's Amended Complaint on July 14, 2022. [D.E. 18]

12. On July 15, 2022, this Court entered a Scheduling Order, directing all discovery to be completed by November 14, 2022 and dispositive motions to be filed by December 14, 2022. [D.E. 19]

13. On July 19, 2022, Daixi Xi with N. C. Prisoner Legal Services, filed a Notice of Appearance, for the limited purpose of conducting discovery. [D.E. 20]

14. On September 9, 2022, Plaintiff served his First Set of Interrogatories, First Request for Production of Documents and First Requests for Admission on Defendant Fowler.

15. On the same day, counsel for the Defendant Fowler forwarded the discovery and began efforts to respond to the requests including the gathering a large amount of potentially responsive documents from the Parole Commission.

16. Due to the Plaintiff's lengthy incarceration period beginning in May 1984, the discovery responses will be voluminous and Defendant Fowler's counsel will need additional time to complete the responses.

17. The integral issue in this matter evolves around Plaintiff's 2020 parole hearing; and Plaintiff's current parole hearing has been continued in part due to the issue of discovery.

18. Since June 2022, the undersigned counsel has been scheduled to be out of town for a training session involving Section 1910 of the Occupational Safety and Health Act of 1970 ["the Act"], the last full week of October 2022.

19. The undersigned is responsible for each of the OSHA cases litigated on behalf of the North Carolina Department of Public Safety, and in doing so mostly serves as solo counsel; thereby making the training critical to her OSHA litigation.

20. Many of the OSHA matters currently in the undersigned's caseload involve the evolving issue of COVID-19, which is being litigated as an occupational hazard under Section 1910 of the Act.

21. The undersigned is also responsible for most of the cases litigated on behalf of the Parole Commission, whether in State or Federal court.

22. The paralegal assigned to assist the undersigned with OSHA litigation as well as cases involving representation of the Parole Commission, such as the above-refenced matter and the majority of the undersigned's caseload, is scheduled be to out of the office for two weeks in October 2022.

23. The undersigned is assigned to represent the State of North Carolina on complex appeals involving first-degree murders, for which transcripts are routinely thousands of pages long, there are normally hours of video that require additional transcription, and appeals normally involve both the North Carolina Court of Appeals and the North Carolina Supreme Court.

24. Until receiving a favorable and determinative decision in *State v. Strudwick*, 379 N.C. 94, 864 S.E.2d 231 (2021), the undersigned was the lead attorney for the North Carolina Department of Justice, representing the State of North Carolina on issues involving satellite-based monitoring ["SBM"]. The undersigned still represents the State in cases that remain unresolved.

25. Counsel for the Plaintiff has agreed to informally extend the deadline to respond to Plaintiff's current discovery requests to December 9, 2022.

4

Case 5:20-ct-03231-M   Document 21   Filed 09/26/22   Page 4 of 8

26. In addition, and not withstanding the extensive amount of discovery documentation in this case, the undersigned has numerous other obligations which have prevented her from having sufficient time to dedicate to properly responding to discovery in this matter, including **but not limited to**:

> a) NC Commissioner of Labor v. NC Division of Adult Correction, OSHNC 2021-6424
>
> b) NC Commissioner of Labor v. NCDPS, Caswell Correctional, OSHNC 2021-6350 (COVID-19)
>
> c) NC Commissioner of Labor v. Central Engineering, OSHNC 2020-6273
>
> d) NC Commissioner of Labor v. New Hanover Correctional Center, OSHNC 2020-6275
>
> e) NC Commissioner of Labor v. NCDPS, NC Correctional Institution for Women, OSHNC 2022-6459 (COVID-19)
>
> f) NC Commissioner of Labor v. NCDPS, Randolph Correctional Center, OSHNC 2022-6472 (COVID-19)
>
> g) NC Commissioner of Labor v. NCDPS, Avery-Mitchell Correctional Center, awaiting OSHNC number (COVID-19)
>
> h) NC Commissioner of Labor v. NCDPS, Foothills Correctional Institution, 2022-6478 (COVID-19)
>
> i) State v. Adams, NC COA 22-315 (first-degree murder)
>
> j) State v. McNeil, NC COA 21-629 (first-degree murder)
>
> k) State v. Smith, NC COA 21-719 (first-degree murder)

      l) State v. Davis, NC COA 20-811 (SBM)

      m) State v. Harris, NC Supreme 548A04-3 (SBM)

      n) Upshur v. Fowler, 5:20-CT-03124-BO

      o) Means v. Higdon et al., 5:21-CT-3267-FL

      p) Edwards v. Buffaloe, 5:21-CT-3270-D

      q) McLester v. NC Post-Release and Post-Conviction, Wake Co. 19 CVS 11829

      r) State v. Abrams, Iredell Co. Superior Court, 83 CRS 01072

      s) State v. Murphy, Scotland Co. Superior Court, 85 CRS 4085

      t) Mayo v. Rocky Mt. PD et al., 5:21-CV-00289-M

27. Defendant Fowler is filing this motion in good faith and not for any improper purpose.

28. The granting of this request will permit Defendant Fowler the necessary time to respond to discovery, and Plaintiff's counsel the time necessary to review the discovery responses and file a response to the Court's Order appointing NCPLS to conduct discovery on Plaintiff's behalf.

29. The undersigned has contacted counsel for Plaintiff, who does not oppose the filing of this motion and consents to the requested extended deadlines.

WHEREFORE, for the reasons set forth above, for good cause, and in the interests of justice, Defendant Fowler respectfully requests that the Court grant him an extension of time up to and including Monday, February 13, 2023 for completion of all discovery and Tuesday, March 14, 2023, for filing dispositive motions.

This the 26th day of September 2022.

**JOSHUA H. STEIN
ATTORNEY GENERAL**

/s/ Sonya Calloway-Durham
Sonya Calloway-Durham
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6576
Facsimile: (919) 716-6761
E-Mail: scalloway@ncdoj.gov
N.C. State Bar No. 21960
Attorney for Defendant Fowler

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the **DEFENDANT FOWLER'S MOTION TO EXTEND THE CASE MANAGEMENT DEADLINES** with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to Plaintiff's counsel of record as follows:

    Daixi Xu
    N. C. PRISONER LEGAL SERVICES
    P. O. Box 25397
    Raleigh, NC 27611
    dxu@ncpls.org

This the 26th day of September, 2022.

                        /s/ Sonya Calloway-Durham
                        Sonya Calloway-Durham
                        Special Deputy Attorney General