# EXHIBIT 2

**NORTH CAROLINA PRISONER LEGAL SERVICES, INC.**
Post Office Box 25397
Raleigh, North Carolina 27611
(919) 856-2200
Facsimile Transmission (919) 856-2223

February 2, 2023

<u>**VIA E-MAIL**</u>

Sonya Calloway-Durham
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
scalloway@ncdoj.gov

RE: *Abrams v. Fowler* (EDNC Case No. 5:20-CT-03231-M)

Dear Ms. Calloway-Durham,

I am writing in regards to defendant's responses to plaintiff's discovery requests. After reviewing defendant's responses, I have identified a number of deficiencies that I hope we can resolve informally.

**<u>Interrogatory No. 3 and Request for Production No. 23</u>**

These discovery requests sought information regarding the formal education and training of all individuals that have been identified as having had a role in reviewing juvenile parole cases. Defendant objected to these requests because he does not have access to personnel records. This objection is not well-taken. Plaintiff has sued defendant in his official capacity, which is effectively a suit against the Parole Commission as an entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent …. Suits against state officials in their official capacity therefore should be treated as suits against the State.")

Defendant and his attorney must furnish all responsive information and documents available to and within the possession, custody, or control of the Parole Commission. Specifically, in responding to Interrogatory No. 3, the defendant and his attorney have a duty to make a reasonable inquiry into the education and training of each individual involved in reviewing juvenile parole cases and respond in full. *See* Fed. R. Civ. P. 33(b)(1)(B) (if a party responding to an interrogatory is a government agency, that party "must furnish the information *available* to the party.") (emphasis added). Likewise, defendant and his attorney must produce all responsive records of educational or training programs attended by the relevant individuals within the possession, custody, or control of the Parole Commission. Fed. R. Civ. P. 34(a)(1).

**Interrogatories Nos. 6 and 7**

*First*, please explain the format of the data provided in response to Interrogatories 6.a. and 7.a. For example, for the year 2020, there are two categories labeled PAROLE REVIEW COMPLETE/ANALYST with different numbers. Additionally, there is a separate category labeled "STATUS REVIEW" with another number. In the format it is currently provided, the response is incomplete and evasive. Fed. R. Civ. P. 37(a)(4). Please provide an explanation of these categories and explain why the data is broken down in this manner.

*Second,* the most recent data provided was for the year 2020, meaning that data from 2021 and 2022 has been omitted. This response is incomplete. Please provide all responsive data for the years 2021 and 2022.

**Interrogatory No. 18 and Request for Production No. 16**

In his response to Interrogatory No. 18, defendant objected to releasing the names and OPUS numbers of inmates because that information is "confidential." Similarly, the document produced in response for Request for Production No. 16 (documents bates numbered 2646-2659) contains redactions of the names and OPUS numbers of inmates. These objections and redactions are baseless. The OPUS website makes public the convictions, sentences, and release dates and statuses for all inmates who have been in DPS custody. Additionally, the Parole Commission regularly announces publicly the names of inmates who have been granted parole and/or a MAPP agreement.[1] Accordingly, any objections that the requested information is "confidential" is baseless at best and disingenuous at worst. Please provide all identifying information for inmates in response to these interrogatories.

To be sure, the identifying information for the inmates whose cases are responsive to these requests is highly relevant and likely to lead to the discovery of admissible evidence. For example, by obtaining the identities of other inmates who have been granted parole or a MAPP agreement, Plaintiff can discover other information about the backgrounds and characteristics of these individuals, such as the facts of their crimes, other criminal history, and disciplinary history during incarceration. For example, this informant is relevant to assessing the veracity of the Parole Commission's position that granting Plaintiff parole would "unduly depreciate the seriousness of the crime or promote disrespect for the law." Likewise, this information is relevant to determining if juvenile offenders are being treated differently than similarly-situated adult offenders during the parole process, which could be probative of whether the current parole procedures protect a constitutional right that juvenile offenders have that similarly-situated adult

---

[1] *See, e.g.*, https://myfox8.com/news/north-carolina/piedmont-triad/nc-man-serving-life-for-murder-for-hire-tv-case-to-be-paroled-but-defendant-in-forsyth-county-is-denied-for-now/ (news article from January 2, 2023 regarding the Parole Commission announcing parole for Leroy W. Wentzel); https://myfox8.com/news/north-carolina/piedmont-triad/alamance-county-man-involved-in-baseball-bat-beating-death-to-be-released-from-life-sentence/ (news article from January 23, 2023 regarding the Parole Commission announcing parole for Keith Barts); https://myfox8.com/news/north-carolina/north-carolina-man-sentenced-to-life-at-age-15-set-to-be-freed/ (news article from January 23, 2023 regarding the Parole Commission announcing a MAPP agreement for Ellsworth A. Ingram); https://myfox8.com/news/high-point-man-serving-life-for-murder-being-released-along-with-2-other-felons-from-the-triad/ (news article from December 22, 2022 regarding the Parole Commission announcing parole and/or MAPP agreements for Jeffrey Lynn Spivey, James A. Gilbert, and Dennis Edmonds).

offenders do not. Please produce the names and OPUS numbers of all inmates whose information is responsive to Interrogatory No. 18 and Request for Production No. 16.

Separately, the documents produced in response to Request for Production No. 16 (bates numbered 2646-2659) appear to be incomplete. These documents only reflect parole review hearings conducted during the years 2022-2023. The Court in *Hayden* requires the Parole Commission to maintain data on an annual basis. Please produced all data collected since the *Hayden* decision. If no data is available for years prior to 2022 because it no longer exists or never existed, please provide a supplemental response to that effect.

### Request for Production No. 5

This request sought, among other things, all recordings and transcripts of any video-conferences conducted with Plaintiff. No recordings were produced, and the document production does not appear to contain any transcripts from video-conferences. If no responsive materials were located after a reasonably diligent search and inquiry because they no longer exist or never existed, please provide a supplemental response to that effect.

### Redacted or Withheld Documents and the Privilege Log

There are serious deficiencies in the document production and "privilege" log. In short, defendant has improperly redacted and withheld hundreds of pages of documents and produced a patently insufficient "privilege" log.

In federal question cases such as this, privileges are determined by federal law. *See* Fed. R. Evid. 501. The "privileges" asserted in the "privilege" log have no basis in federal law. There are no recognized privileges, such as attorney-client or work product privilege, asserted on the privilege log. Instead, the only privileges asserted are not privileges at all—such as the purported privileges of "safety/security," "other inmate info," and "victim info." To the extent defendant contends that some of this information may be considered "confidential" under state law, that is irrelevant to whether the information is privileged under federal law. Moreover, the protective order in this case has already established a procedure that protects confidential information, including sensitive security information, while promoting disclosure. Defendant and his counsel cannot substitute their own judgement as to what should and should not be disclosed when there is a protective order in place.

Separately, even assuming some of these entries in the "privilege" log are valid (which they are not), the descriptions in the privilege log are wholly insufficient. "When a party withholds information otherwise discoverable by claiming that the information is privileged … the party must … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(5)(A)(ii). Descriptions such as "victim info" and "safety/security" do not come close to the specificity required by discovery rules and prevents Plaintiff from assessing the legitimacy of the claims.

While the overwhelming majority of documents must be produced fully, the following documents that have been severely redacted and withheld are particularly concerning.

- The documents bates numbered 0008-0024 and 00040-00044 are described as psychological evaluations and risk assessments on the privilege log. These documents have been entirely withheld due to the supposed privilege of "safety/security." These documents are highly relevant and must be produced. Defendant responded to multiple interrogatories that the Parole Commission relied on "[p]sychological evaluations and risk assessments" in denying Plaintiff parole. *See, e.g.*, Defendant's response to Interrogatories 10, 11, 12, 13. And yet, the very documents that have been used in denying Plaintiff parole are being withheld, prejudicing his ability to prosecute this action. Courts have recognized that "[t]he strong public interest in § 1983 actions generally weighs heavily in favor of a full airing of the relevant evidence." *Martin v. Conner*, 287 F.R.D. 348, 350 (D. Md. 2012) (internal quotations omitted). Even if there are some security concerns implicated by the disclosure of these documents (again, those concerns are already addressed by the protective order), the benefit of this discovery greatly outweighs those concerns. Fed. R. Civ. P. 26(b)(1).

- Hundreds of pages from Plaintiff's parole file have been entirely withheld for the purported reason that they contain "victim info." (*See, e.g.*, 0285-0521, 0542-0678, 1188-1241). Defendant responded to several discovery responses that the Parole Commission relied on victim information in denying Plaintiff parole. *See, e.g.*, Responses to Interrogatories Nos. 9, 11, 12, 13. Thus, there can be no dispute that this information is highly relevant to this litigation. Notably, crime scene photos of the victim (bates numbers 1081, 1090) are not redacted, which suggests that the documents that have been withheld as "victim info" have not been withheld in a good faith effort to protect the privacy of the victims, but to withhold relevant and material information that Plaintiff needs to effectively litigate this action.

- Entire paragraphs are redacted in reports written by parole analyst Joy Smith because they contain "victim info." *See, e.g.*, 0696-0697, 0717-0718, 0739-0740. According to defendant's other discovery responses, Ms. Smith played a significant role in the review of Plaintiff's parole case. She prepared reports and compiled information that is provided to the Commissioners, and the Commissioners rely on that material and Ms. Smith's recommendations when deciding whether to grant parole or a MAPP agreement. Plaintiff cannot effectively litigate this action without the full disclosure of the materials that Ms. Smith prepared.

- Numerous portions, including entire pages, of the Standard Operations Manual produced in response to Requests for Production Nos. 17 and 18, have been withheld for "safety/security" reasons. (*See, e.g.*, 2682, 2695-2697, 2700). A critical question in Plaintiff's claim is whether the policies and processes employed by the Parole Commission afford him a meaningful opportunity at parole. Without access to the full, unredacted Standard Operations Manual, Plaintiff cannot determine whether those policies and processes withstand constitutional muster. These documents must be produced in full.

5

The above-mentioned documents are not an exhaustive list of documents that must be unredacted and produced, but are just examples of some of the most egregious instances of the defendant's failure to cooperate in discovery. Defendant must produce in full all documents that have been redacted or withheld, with only limited redactions applied to sensitive personally identifiable information, such as addresses and social security numbers.

In light of the upcoming discovery deadline, please provide me a response by **Thursday, February 9, 2023**. If you would like to discuss further over a meet and confer call, please let me know. My hope is that we can come to an agreement on these issues without involving the court.

Thank you for your attention to this important matter and for your cooperation.

All rights reserved, including Plaintiff's right to request further supplementation to the discovery responses and documents disclosed thus far and that which may be supplemented in response to this letter.

Sincerely,

Daixi Xu (She/Her)
Staff Attorney
North Carolina Prisoner Legal Services
P.O. Box 25397
Raleigh, NC 27611
dxu@ncpls.org
Direct line: (919) 856-2229