THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:20-CT-03231-M

| | |
|---|---|
| BRETT ABRAMS,<br><br>    Plaintiff,<br>v.<br><br>WILLIS J. FOWLER,<br><br>    Defendant. | MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL and NOTICE OF [PROPOSED] SEALED MEMORANDUM OF LAW AND MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS |

NOW COMES Defendant, Willis J. Fowler ("Defendant Fowler"), appearing by and through undersigned counsel pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moving to extend the deadline to respond to Plaintiff's Motion to Compel Further Discovery and supporting Notice of [Proposed] Sealed Memorandum of Law up to and including April 24, 2023, and extending the deadline for dispositive motions other than evidentiary issues at trial, by another thirty days after that, up to and including May 24, 2023. In support of this motion, Defendant states as follows:

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1. Plaintiff in this action is an inmate currently housed at the Orange Correctional Center in the custody of the North Carolina Department of Adult Correction ["NCDAC"], previously the Department of Public Safety ["NCDPS"], Division of Prisons, previously the Division of Adult Corrections, at all times relevant to this action.

2. Plaintiff commenced this action by filing a Complaint on July 21, 2020, which he amended on December 22, 2021, against Defendant in his official capacity for the North Carolina Post-Release Supervision and Parole Commission ["Parole Commission"]. [D.E. 1, 7]

1

3. On December 22, 2021, the Court completed its initial frivolity review and directed the Clerk to continue management of the case. [D.E. 8]

4. On the same date, the Clerk issued a Request for Waiver of Service of Summons and transmitted the waiver electronically to the N. C. Department of Public Safety for service upon Defendant Fowler. [D.E. 9]

5. On February 10, 2022, N. C. Prisoner Legal Services ["NCPLS"] offered to assist Plaintiff with conducting discovery and the Plaintiff filed his Notice of Acceptance on February 17, 2022. [D.E. 11, 12].

6. The Waiver of Service of Summons for Defendant Fowler was returned executed on February 17, 2022. [D.E. 13].

7. Following an unexpected and tragic loss, on April 8, 2022, undersigned counsel respectfully requested on behalf of Defendant Fowler, a sixty (60) day extension of the time to file an answer or otherwise respond to Plaintiff's Complaint, up to and including Friday, June 17, 2022. [D.E. 14]

8. On the same date, an order was entered allowing the requested extension of time. [D.E. 15]

9. On June 3, 2022, undersigned counsel respectfully requested an additional thirty (30) day extension of time to answer Plaintiff's Amended Complaint. [D.E. 16].

10. On the same date, an order was entered allowing second requested extension of time. [D.E. 17]

11. Defendant Fowler filed his Answer to Plaintiff's Amended Complaint on July 14, 2022. [D.E. 18]

12. On July 15, 2022, this Court entered a Scheduling Order, directing all discovery to be completed by November 14, 2022, and dispositive motions to be filed by December 14, 2022. [D.E. 19]

13. On July 19, 2022, Daixi Xi with N. C. Prisoner Legal Services, filed a Notice of Appearance, for the limited purpose of conducting discovery. [D.E. 20]

14. On September 9, 2022, Plaintiff served his First Set of Interrogatories, First Request for Production of Documents and First Requests for Admission on Defendant Fowler.

15. On the same day, counsel for the Defendant Fowler forwarded the discovery and began efforts to respond to the requests including the gathering a large amount of potentially responsive documents from the Parole Commission.

16. Due to the Plaintiff's lengthy incarceration period beginning in May 1984, the discovery responses were expected to be voluminous and Defendant Fowler's counsel needed additional time to complete the responses.

17. The integral issue in this matter evolves around Plaintiff's 2020 parole hearing; and Plaintiff's current parole hearing has been continued, due to the issue of discovery.

18. On September 26, 2022, this Court granted the motion to extend the case management deadlines, with instructions that no further extensions would be granted absent good cause. [D.E.21]

19. Following unforeseen computer issues, on and November 16, 2023, this Court again granted an extension of the case management deadlines, with instructions that no further extensions would be granted absent good cause. [D.E. 23]

20. On January 18, 2023, undersigned counsel served Defendant Fowler's responses to Plaintiff's first discovery requests, including Bates stamped documents 1-2752.

21. On January 20, 2023, undersigned counsel forwarded a privilege log for the produced discovery documents.

22. On February 2, 2023, counsel for the Plaintiff sent a discovery deficiency letter to counsel for Defendant Fowler.

3

23. On February 10, 2023, Plaintiff's counsel filed a Motion for Extension of Time to Complete Discovery, indicating that the parties were attempting to resolve issues related to the above-referenced letter, which Plaintiff's counsel attached as an exhibit to the motion. [D.E. 25]

24. On February 13, 2023 this Court issued an order granting the motion for extension of time to complete discovery, up to and including Monday, April 3, 2023, with instructions that no further extensions would be granted absent good cause, and directing dispositive motions to be filed no later than April 24, 2023. [D.E. 26]

25. On February 23, 2023, counsel for Defendant Fowler responded to the deficiency letter.

26. On March 14, 2023, a reply to Defendant Fowler's deficiency response letter was e-mailed to counsel for Defendant Fowler.

27. On March 27, 2023, a response to Attorney Daixi Xu's March 14, 2023 letter, along with *unredacted* supplemental discovery responses bearing Bates stamped numbers 2753-5478 were served on counsel for the Plaintiff via ShareFile.

28. On March 30, 2023, counsel for the Plaintiff filed her Motion to Compel further discovery, along with a Notice of [proposed] sealed Memorandum of Law. [D.E. 27, 28]

29. Plaintiff's counsel also filed a Motion to Stay the Scheduling Order Deadlines Pending Resolution of Plaintiff's Motion to Compel. [D.E. 30]

## **GROUNDS FOR MOTION**

30. This Court already has determined that absent good cause, no further extensions will be granted for the dispositive motions not involving evidentiary issues at trial;

31. The undersigned has other conflicts with deadlines that already are final extensions or for which further extensions are unlikely, in part because the various courts, ranging from the North Carolina Safety and Health Review Commission to the North Carolina Court of Appeals, have granted multiple prior extensions to accommodate time for the undersigned

to work on discovery in this matter;

32. the undersigned also received prior extensions in said other matters due to an illness for which she was unable to work between January 2, 2023, and January 16, 2023, and was under a physician's care until January 17, 2023; and

33. The section of the Department of Justice in which the undersigned works, is short-staffed due to legislative changes effective January 1, 2023, which created an additional agency, the Department of Adult Correction, for which most attorneys in the section are contractually prohibited from representing both the current North Carolina Department of Public Safety and the new agency. The changes have resulted in fewer attorneys to handle cases such as those for which the undersigned has a conflict, such that it is not possible for anyone else to assist the undersigned. Since the change, and as recently as the prior week, the section permanently lost one attorney and lost another for an indefinite period of time; and although the Department of Justice is actively working to hire additional attorneys to fill the vacancies prior to January 1, 2023 as well as new positions resulting from the creation of the new agency, as of yet, it has not been able to fill said positions.

34. Despite being under a physicians care, the undersigned worked from bed, on discovery in this matter from bed, for sixteen hours, on Friday, January 13, 2023.

35. Said conflicts include but are not limited to:

    a) Answer due in *Mayo v. Rocky Mount Police Department et al.*, Eastern District, due April 10, 2023;
    b) Appeals brief in *Commissioner of Labor v. NCDPS- Division of Adult Corrections*, North Carolina Safety and Health Review Commission, due April 11, 2023, and further extensions are not likely;
    c) Discovery in *Watson v. Thomas et al,* Eastern District, due April 12, 2023, and prior extensions have been granted;
    d) Answer due on an issue of first impressions regarding COVID-19, in *Commissioner of Labor v. NCDPS-Foothills Correctional*, North Carolina Safety and Health Review Commission, due April 13, 2023, court has ordered that no further extensions will be granted;
    e) Appellee brief due in case of first impressions on recently enacted statute on

5

- ["SBM"]- *State v. Matheson*, North Carolina Court of Appeals, due April 14, 2023, further extensions unlikely; and
- f) Answer due on an issue of first impressions regarding COVID-19 in *Commissioner of Labor v. NCDPS-Randolph Correctional*, due April 21, further extensions unlikely.

36. Should this Court grant the extension of the recent motion/notice, the extension of time for deadlines for dispositive motions other than those regarding evidentiary issues at trial, also will be necessary, as the motion/notice involve(s) a lengthy factual history for which attention to detail and potentially, affidavits will be necessary. In addition, any dispositive motions also will involve a lengthy factual as well as legal, discussion of the matter, including facts and application of law regarding the very discovery disseminated to Plaintiff, from which the recent motion/notice arose.

37. As the deadline for discovery is currently April 3, 2023, it will be difficult, not only from the perspective of time, but also from the perspective of continuity, for the undersigned to respond to the motion/notice during the time previously slated by the undersigned to prepare a dispositive motion.

38. This motion is not being filed for any dilatory purpose, as the undersigned has worked diligently to make this matter a priority, seeking extensions on the other pending matters, and working while under a doctor's care.

39. While this Court considers its deadlines as having priority over the other courts in which the undersigned has conflicts, the other courts have taken that the issue of priority into consideration, when granting the prior extensions.

40. Without an extension on the recent motion/notice, the undersigned and her clients in this and the other pending matters, will be prejudiced, as the undersigned will not have time to dedicate to the already pending matters that were previously extended, through no fault of their own, due to discovery in this matter and also the illness of the undersigned.

41. The undersigned has not sought the position of opposing counsel, as opposing counsel informed the undersigned on Monday, March 27, 2023 that she was considering filing a motion to stay the proceedings when she filed the pending motion, and has in fact filed such a motion.

42. In addition, it is the practice of North Carolina Prisoner Legal Services to withdraw from representation once discovery has ended, such that there should not be an issue with opposing counsel, on any extension regarding dispositive motions.

WHEREFORE, for the reasons set forth above, for the good cause shown, Defendant respectfully requests that the Court enter an order extending the deadline to respond to Plaintiff's Motion to Compel and Notice of [proposed] Sealed Memorandum of Law up to and including April 24, 2023, and extending the deadline for dispositive motions other than those regarding evidentiary matters at trial, up to and including May 24, 2023.

This the 4th day of April, 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ *Sonya Calloway-Durham*
Sonya Calloway-Durham
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6576
Facsimile: (919) 716-6761
E-Mail: scalloway@ncdoj.gov
N.C. State Bar No. 21960
Attorney for Defendant Fowler

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this date, I electronically filed the foregoing **Motion of Extension of Time to Respond to Plaintiff's Motion to Compel and Supporting Memorandum of Law, and Motion to Extend the Dispositive Motions Deadline,** with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to Plaintiff's counsel of record as follows:

    Daixi Xu
    N. C. PRISONER LEGAL SERVICES
    P. O. Box 25397
    Raleigh, NC  27611
    dxu@ncpls.org

This the 4th day of April, 2023.

                      /s/ *Sonya Calloway-Durham*
                      Sonya Calloway-Durham
                      Special Deputy Attorney General