UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:20-CT-03231-M

| | |
|---|---|
| BRETT ABRAMS, | ) |
| Plaintiff, | ) |
| v. | ) **AFFIDAVIT OF MARY STEVENS** |
| WILLIS J. FOWLER, | ) |
| Defendant. | ) |

I, Mary Stevens, after first being sworn, being competent to testify, and having personal knowledge of the matters herein, hereby state:

1. I am employed by the North Carolina Department of Adult Correction as Chief Administrator for the North Carolina Post-Release Supervision and Parole Commission ("the Parole Commission" or "Commission"). I have worked for the Parole Commission for 32 years. As Chief Administrator, I am familiar with the process by which parole and post-release supervision decisions are made, although I have no substantive role in the decisions themselves, as they are made by the Parole Commissioners. However, I am the business record custodian for the Parole Commission.

2. I am not a defendant in the above case regarding Plaintiff Brett Abrams (#0000400). However, at the request of the Attorney General's Office, I have reviewed the Plaintiff's parole records.

3. Although parole was largely abolished in North Carolina by the passage of Structured Sentencing in 1994, inmates sentenced under Fair Sentencing, which was in place before Structured Sentencing, remain eligible for the possibility of parole.

4. Brett Abrams, born in 1968, pled guilty to the crime of second-degree murder, which occurred on July 11, 1983, when he was 14 years old.

5. Brett Abrams was sentenced under Fair Sentencing and received a life sentence with the possibility of parole, and therefore is parole-eligible.

6. Since his plea in May 1984, he has been incarcerated in North Carolina prisons for the murder, and has been parole-eligible for reviews by the Commission since July 12, 1993.

7. In November 2017, North Carolina entered into the "Hayden Agreement" for which North Carolina agreed to be subject to certain protocols for conducting parole interviews for juvenile offenders subject to parole in North Carolina.

8. In 2018, the Post-Release Supervision and Parole Commission ["the Commission"] of North Carolina began implementing the Hayden Agreement.

9. In August 2018, the Commission reviewed Plaintiff for parole in accordance with the Hayden Agreement, and subsequently denied him for parole in April 2019.

10. In June 2020, the Commission again reviewed Plaintiff for parole in accordance with the Hayden Agreement, and denied him for parole.

11. As Chief Administrator, I drafted much of the training manual for the Commission. I did so following correspondence with legal counsel from both our General Counsel's Office and the Attorney General's Office. Portions of the manual contain documents stemming from correspondence with our counsel. Portions of the manual also contain information related to the electronic storage and location of Commission records and inmate files.

Pursuant to 28 U.S.C. § 1746(2), I, Mary Stevens, verify under penalty of perjury that the foregoing affidavit, is true and correct, in substance and in fact, to the best of my knowledge and belief.

This the 21st day of April 2023.

*Mary Stevens* (signature)

Mary Stevens
Title: Chief Administrator
N. C. Post-Release Supervision and Parole Commission