EXHIBIT 2 - 9/23/2022 EMAILS

**From:** Calloway-Durham, Sonya
**Sent:** Friday, September 23, 2022 3:20 PM
**To:** Daixi Xu <DAIXIX@ncpls.org>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@NCDOJ.GOV>
**Subject:** RE: Brett Abrams v. Willis Fowler (EDNC Case No. 5:20-ct-03231-M)

Hi,

While we are not on the same page about the two cases, I don't think it is of any consequence. I appreciate your willingness to agree to the 60 and 90 day extensions. I was looking at the discovery cut-offs and I appreciate you for jogging my memory on those. What you are proposing sounds fine. We will draft a motion to extend the scheduling order by 90 days. Thanks again!

**From:** Daixi Xu <DAIXIX@ncpls.org>
**Sent:** Friday, September 23, 2022 1:47 PM
**To:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Brett Abrams v. Willis Fowler (EDNC Case No. 5:20-ct-03231-M)

Hi Sonya,

I appreciate your explanation. I would agree to a 60-day extension for defendant to respond to Plaintiff's discovery requests, moving the deadline from October 10, 2022 to December 9, 2022. Additionally, I would consent to a motion for a 90-day extension of the case management order deadlines, moving the discovery deadline from November 14, 2022 to February 13, 2023.

In my view, the outcome of the Wake County case you referenced has no impact on this case. I am not counsel for Mr. Abrams in that case, and I am struggling to see how discovery in that case could make discovery in this case redundant. Any decisions by a state court in a different case on a different procedural posture should have no effect on Mr. Abrams's right to obtain discovery in a timely manner in his federal civil rights lawsuit. Accordingly, I intend to oppose any motions seeking to stay discovery in this case pending outcome of the Wake County case.

Thanks,
Daixi

**From:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Sent:** Friday, September 23, 2022 12:57 PM
**To:** Daixi Xu <DAIXIX@ncpls.org>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Brett Abrams v. Willis Fowler (EDNC Case No. 5:20-ct-03231-M)

Hey,

Thanks so much for getting back to me. As far as discovery from PC is concerned, the discovery probably redundant in the federal and Wake Co. case with Mr. Abrams. The issue is preparation for a future parole hearing, whereas the issue in your case is a prior parole hearing. However, in my mind the issues for both are the same.

Just let me know if that makes a difference. If not, I'd like to ask for 90 days, although I doubt the Court will grant such a long extension. Again, in light of the Wake County case, I am happy to get the info to you as soon as we can compile it. My concern is a hard deadline that falls at a difficult time.

What is your position on my filing for 90 days with a stay as an alternate option (advising the court that you have not agreed to a stay)? Either way, thanks again.

**From:** Daixi Xu <DAIXIX@ncpls.org>
**Sent:** Friday, September 23, 2022 11:39 AM
**To:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Brett Abrams v. Willis Fowler (EDNC Case No. 5:20-ct-03231-M)

Hi Sonya,

Thanks for reaching out and letting me know about your scheduling conflicts.

First, I do not think discovery in this case should be stayed based on the case in superior court that you referenced. My understanding is that case is a completely separate case with separate issues and different counsel, so it would not have any impact on my client's right to obtain discovery in this case. If you have a different understanding, I am happy to discuss it further with you.

Second, I am happy to grant you an extension to respond to the discovery. Why don't you suggest a new deadline for defendant to provide discovery responses that will accommodate your scheduling conflicts and we can work from there to determine what we need to request from the court.

Thanks,
Daixi

**From:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Sent:** Friday, September 23, 2022 10:32 AM
**To:** Daixi Xu <DAIXIX@ncpls.org>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Brett Abrams v. Willis Fowler (EDNC Case No. 5:20-ct-03231-M)

Hey,

Happy Friday! I left you a voice mail. I am receiving lots of messages from my client with responses for the discovery. So, it appears that it is going to be a lot for me to go through and make sure the answers are responsive and also that anything privileged is addressed.

Per my voice mail, here's my issue. I have a few scheduling conflicts that will make it difficult to get the responses to you in a timely matter before the cut off date for discovery on 11/14. For example, (not exhaustive) I have a final extension in Court of Appeals on 10/24 on a first-degree murder brief, for months I have been scheduled for training out of town the entire last week of October, and Carci (Lauren) will be out of town for two week in October.

If I ask for 30 days, it puts me on deadline during Thanksgiving.  If I ask for 60 days, it puts you on deadline during Christmas holiday.  If I ask for 45 days, it also puts you on deadline during the holidays.  I don't see the Court granting 90 days.

I was thinking that  rather than inconvenience either of us, because this same discovery is the subject of the Wake County Superior Court order signed by Judge Ridgeway, the better thing to do might be to ask this Court to stay the scheduling order until we can resolve the issue with the Wake County order.

Mr. Abrams' parole hearing has been delayed, so he will not be prejudiced by the stay.  Not to mention, if it's stayed, there's no reason I can't get the discovery to you during the stay, and then let the Court know discovery has been addressed.  I just don't want either of us rushing to get it done by a hard deadline.  FYI- Judge Ridgeway is waiting on the attys in the Wake County matter to give him our schedules.

To be clear, I have no problem responding to discovery.  I just want to make sure it's done correctly (from my end).   Please let me know your thoughts.  I'd like to get something filed next week (prior to Carci leaving for two weeks).  Thanks and have a great weekend!