EXHIBIT 11 - 02/23/2023 LETTER



**JOSH STEIN**
**ATTORNEY GENERAL**

Reply to:
Sonya Calloway-Durham
Special Deputy Attorney General
Telephone: (919) 716-6576
Facsimile: (919) 716-6761
E-mail: scalloway@ncdoj.gov

February 23, 2023

Daixi Xu
Staff Attorney
North Carolina Prisoner Legal Services
P.O. Box 25397
Raleigh, NC 27611
(dxu@ncpls.org)

**SENT VIA EMAIL**

Re: Abrams v. Fowler, 5:20-CT-03231-M

Dear Ms. Xu:

Thank you so much for your continued consideration of my scheduling issues. By this letter, I am responding to your (February 2, 2023) request for a response to a number of concerns (which you described as deficiencies) with the privilege log I submitted to you.

Before I do so, please be advised that I have a pending meeting with my client to further discuss the discovery issues. Should anything change at that time, I will revise my objections/redactions accordingly.

It would appear that the vast majority of your concerns are with what you view as non-privileged redactions/objections contained in the log related to Mr. Abrams' psychological records and the Commission's safety and security issues. Thus, I will attempt to clarify our position.

First, it is not the goal of the Commission to withhold necessary information from Mr. Abrams. However, the Commission has a number of statutory duties to which it must adhere with regard to documents and/or information contained in his parole file, and those statutes are referenced in the standing order.

Regardless, understanding that Rule 26 speaks to "privileged" information, it also speaks to the ability of a party to withhold information that is "non-privileged." Moreover, only communications/documents/information that is/are "confidential" can be privileged. Thus, it is the confidential nature of requested information in discovery that is paramount.

As to your other issues, for example:

> Personnel records- Suits against the State in no way obviate the statutory requirements regarding personnel records. Those records remain confidential (based upon the statutes noted in the standing order).
>
> Parole Analyst v. Status Review- I personally cannot explain those distinctions, but will address your inquiry with my client when we have our pending meeting.
>
> Data from 2021 and 2022- Discovery is limited to "relevant" information, be it confidential, privileged, or otherwise. However, when we meet, I will speak to my client about their position on that information.
>
> Other inmates' information- Yet again, by statute, that information is confidential. I take exception to the term "disingenuous." I would consider our working relationship professional, and am surprised to see you use such abrasive terms.
>
> Hearings conducted in 2022-2023- Hearings that may have taken place in 2022 or 2023 are not relevant to this lawsuit. Regardless, either Mr. Abrams or Mr. Finholt can apprise you of the fact that there have been no hearings during that time, despite the mandates of Hayden, and why that is. As I explained to you when I requested a 90-day extension of discovery in my first attempt to extend the deadline, your case with Mr. Abrams and Mr. Finholt's case indeed are intertwined.
>
> Recordings and transcripts- Hayden does not require sharing of "all recordings." However, when I speak with my client, I will confirm whether

any recordings or transcripts exist, and if so, their position on "all recordings."

Please also be advised, the Commission currently is working with Mr. Ben Finholt in not only his companion representation of Mr. Abrams, but also his representation of others with the same or similar "discovery" issues for documents/information **contained in parole files**. As such, just as the Commission is willing to consider working out an alternative method to address discovery request with Mr. Finholt, despite your use of descriptive terms for my work, I am willing to advise my client to consider the same for you in your representation of Mr. Abrams.

It is possible that upon meeting with my client, the Commission may be willing to provide some of the documents/information previously redacted without any need for alternative options. Again, for statutory reasons (based upon statutes noted in the standing order), we cannot agree that your request for personnel records or that information regarding other inmates is allowed to be shared with Mr. Abrams.

For the record, I also take exception to your choice of the word "egregious." Name-calling is not zealous advocacy. Regardless, I hope that this answers your inquiry. Once I have met with my client, I will advise you accordingly about the remainder of your concerns. As always, thank you for your continued patience and consideration.

Sincerely,

Sonya Calloway-Durham
Special Deputy Attorney General

cc:    Mary Stevens
        Willis J. Fowler
        Norlan Graves
        Jodi Harrison