EXHIBIT 13 - 3/09/23 LETTER



**J‌OSH S‌TEIN**
**A‌TTORNEY G‌ENERAL**

**Reply to:**
**Sonya Calloway-Durham**
**Special Deputy Attorney General**
**Telephone: (919) 716-6576**
**Facsimile: (919) 716-6761**
**E-mail: scalloway@ncdoj.gov**

March 9, 2023

Daixi Xu
Staff Attorney
North Carolina Prisoner Legal Services
P.O. Box 25397
Raleigh, NC 27611
(dxu@ncpls.org)

**SENT VIA EMAIL**

Re: Abrams v. Fowler, 5:20-CT-03231-M

Dear Ms. Xu:

As indicated in my letter of February 23, 2023, I am writing to provide additional feedback regarding the possibility of resolving the discovery issues in this matter. After meeting with my client, and in light of language used in discovery of other offenders' parole files, the Commission is willing to do the following:

1. Provide training records and resumes for the Hayden parole analyst and any members of the Commission who have reviewed Plaintiff for parole since his Hayden reviews began. Please understand that the Commission might not have resumes for all individuals. However, if the Commission has the records in its possession, we will provide them to you. In addition, we are happy provide you with information regarding their training and education. This is not a waiver of our objection to the confidential nature of the documents and information.

2. Explain that PAROLE REVIEW COMPLETE/ANALYST is a shorthand term that refers to notes made by the analyst about the offender's parole status and which are available for review by the Commission. This is not a waiver of the Commission's objection to the number of interrogatories.

3. Explain that STATUS REVIEW is a shorthand term that refers to notes made by the analyst that are used to tickle the calendar for parole events regarding an offender. This is not a waiver of the Commission's objection to the number of interrogatories.

4. Provide data for 2021 and 2022, assuming the data is available and not unduly burdensome to collect, as the Commission does not collect the data. This is not a waiver of the objection to the relevance of such information or the fact that the data is not collected by the Commission.

5. Provide audio recordings of Mr. Abrams' 2018 and 2020 parole interviews. Although Mr. Abrams took part in an interview in 2022, for reasons either Mr. Abrams or his other counsel, Mr. Finholt, can explain, he has not had a parole review since 2020. In addition, the Commission does not waive its right to object to discovery requests beyond the relevant dates of the allegations of his complaint.

6. Produce documents of the entirety of Mr. Abrams' parole file to you, his counsel in the above-referenced matter, if the parties can agree to the following stipulations, which is in keeping with language used in other offenders' discovery:

    a. That counsel agrees not to show any of the previously redacted records to Plaintiff, Brett Abrams, or to discuss the specific contents of the previously redacted records with him, except that counsel may discuss the general content of the records with him without discussing specific entries. Counsel further agrees not to disclose the previously redacted records to any other person except members of counsel's staff, and the Court (if necessary for in camera review).

    This is not a waiver of any previously raised objections to the information contained within the prior redactions.

Sincerely,

Sonya Calloway-Durham
Special Deputy Attorney General

cc: Mary Stevens
Willis J. Fowler
Norlan Graves
Jodi Harrison
Jamie Trachtman