EXHIBIT 16 - 03/27 AND 3/28 EMAILS

**From:** Daixi Xu <DAIXIX@ncpls.org>
**Sent:** Tuesday, March 28, 2023 10:08 AM
**To:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Abrams

Hi Sonya,

My direct line is listed in my discovery letters to you, as well as my e-mail signatures. Additionally, you now have my personal cell phone number. I invite you to give me a call on either number if there is any room to work out an agreement this week on any of the discovery requests where Defendant has responded "an agreement has not been reached" or if Defendant is willing to withdraw his new (and previously waived) objections that Plaintiff has exceeded the allotted number of interrogatories.

Paragraph 12 of the Consent Protective Order (attached) states: "Before filing a document containing any Confidential Information, the filing party must confer with the other parties about how the document should be filed." The purpose of my email below was to ascertain how you would like the three categories of documents to be filed. In particular, I was wondering whether the written discovery responses and our discovery-related letters should be filed conditionally under seal given that they do not bear confidentiality designations. Out of an abundance of caution, I intend to file the motion to compel, the written discovery responses, and any correspondences that discuss specific discovery responses conditionally under seal in accordance with Paragraph 12.

Finally, I'd like to make clear that I have made no threats at any time. If anything I have written could be interpreted as a threat, I apologize.

Thanks,
Daixi


**Daixi Xu** (She/Her)
*Staff Attorney*
NORTH CAROLINA PRISONER LEGAL SERVICES
P.O. Box 25397
Raleigh, NC 27611
dxu@ncpls.org
(919) 856-2229


**From:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Sent:** Monday, March 27, 2023 7:13 PM
**To:** Daixi Xu <DAIXIX@ncpls.org>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Abrams

Good evening Daixi,

If you recall, I have asked for your direct number on other occasions. Because my phone did not recognize your number, my phone treated your call as potential SPAM. My phone did not ring and your message went to voice mail. From there my phone listed the potential SPAM call as "missed" and originating from LA, Ca. As I did not recognize the number, I treated the missed call as SPAM. I would have had no way of knowing you called until I decided to listen to what I thought was a SPAM voice mail message.

We can agree to disagree about your interpretation of Silvaris and its reliance on Herdlein Techs., Inc. v. Century Contractors, Inc., 147 F.R.D. 103 (W.D.N.C. 1993). Regardless, your threats are not helpful.

Despite our (my client and I) having made a number of concessions, e.g. the entire unredacted parole file, personnel files, information beyond the relevant dates of Mr. Abrams' lawsuit . . . it appears that all along, your intent has been to file a motion to compel, regardless of my client's responses or statutory reasons for not conceding on everything you've asked. That's not realistic. Statutes are written for a reason, and it is not actionable for me to attempt to protect my client, their personnel records, or other inmates.

As I have intimated before, you can kill more flies with honey than vinegar, and your threats are vinegar. Regardless of how the court may rule on a motion to compel, the court will see that at a minimum, you have been impolite, which I do not believe will bode well for you or Mr. Abrams. I recently attended a CLE put on by each of the judges in the Eastern District, and one thing they emphasized was the importance of local Bar members being courteous to one another. They each made comments about how it does not sit well with them when attorneys are not courteous. So, they do notice.

Should you choose to file anything that is confidential, please be mindful of the confidentiality of inmate records (which includes parole records) and personnel records. We did not provide those documents marked, "confidential," and "attorney's eyes only" with the understanding that they would be made public. I should not have to ask that you not file them without seal. The fact you asked, causes me pause. Also, it has been my experience that when confidential records inadvertently have been made public, the court has not been pleased.

I have no position at the moment on your motion to stay. However, I will say that I do not believe Magistrate Judge Jones will be receptive to any further delays. I am disappointed that we could not reach an amicable agreement in this matter.


Sonya


**From:** Daixi Xu <DAIXIX@ncpls.org>
**Sent:** Monday, March 27, 2023 5:20 PM
**To:** Calloway-Durham, Sonya <SCALLOWAY@ncdoj.gov>
**Cc:** Carcioppolo, Lauren <LCarcioppolo@ncdoj.gov>; Trachtman, James <jtrachtman@ncdoj.gov>
**Subject:** RE: Abrams

Hi Sonya,

Thank you for providing the supplemental responses. To respond to Defendant's new objection that Plaintiff has exceeded the number of allotted interrogatories, that objection has been waived because Defendant provided responses to the allegedly excessive interrogatories without raising such objections. "Any party which even partially responds to interrogatories without first objecting to the court that the number of interrogatories exceeds the limit established by a pre-trial order or the Federal Rules of Civil Procedure may be deemed to have waived the limit." *Silvaris Corp. v. Leneskie*, No. 7:05-215-CV-FL(3), 2006 WL 8439030, at *1 (E.D.N.C. Oct. 25, 2006).

Additionally, I called and left a message for you today to try and work out a way to obtain responsive answers to Interrogatories 6(a) and 7(a). I disagree that my attempts to obtain responsive answers (instead of non-responsive and evasive answers) are considered additional interrogatories.

Unless Defendant's position has changed with regard to any of the outstanding discovery issues, I will be filing a motion to compel, which will also seek reimbursement of my attorneys' fees for bringing the motion, by the discovery deadline. I will be filing the following categories of documents as exhibits to the motion to compel:

(1) Defendant's written discovery responses
(2) Copies of documents produced by Defendant in discovery that are at issue
(3) Our correspondences (both emails and letters) regarding the disputed discovery

Please let me know if you would like any of these categories of documents filed conditionally under seal pursuant to the protective order.

Finally, I will be filing a motion to stay the scheduling order deadlines pending resolution of the motion to compel. Please provide me your position with regard to said motion.

Thanks,
Daixi