IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3231-M

| | | |
|---|---|---|
| BRETT ABRAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIS FOWLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion to compel (D.E. 27) and defendant's motion to seal (D.E. 33). Defendant responded in opposition to plaintiff's motion. For the reasons provided below, the defendant's motion to seal is granted, and plaintiff's motion to compel is granted in part and denied in part.

BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action alleging defendant Willis Fowler, Chairman of the North Carolina Post-Release Supervision and Parole Commission ("Commission"), violated his Eighth Amendment rights by failing to provide him with a meaningful opportunity at parole. (Attach. to Am. Compl. (D.E. 7-1) at 2). North Carolina Prisoner Legal Services, Inc. ("NCPLS") accepted appointment in the instant case to conduct discovery on behalf of plaintiff pursuant to Standing Order 21-SO-11. (Notice of Representation (D.E. 10)).

On March 30, 2023, plaintiff filed the instant motion to compel. (Pl. Mot. to Compel (D.E. 27). Plaintiff argues defendant failed to provide complete responses to three interrogatories and

three requests for production of documents. (Id.). On April 24, 2023, defendant filed a response in opposition and the instant motion to seal. (Def. Resp. (D.E. 35)).

## COURT'S DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). This rule further authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

2

Pursuant to Federal Rule of Civil Procedure 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). To the extent a party does not object to answering an interrogatory, he must answer it "separately and fully in writing under oath." Id. 33(b)(3). "[G]rounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. (b)(4).

Federal Rule of Civil Procedure 34 governs requests for production of documents. Should a party object to a request for production, "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Federal Rule of Civil Procedure 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, the court's local rules require a certification "that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); see generally Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules).

"The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to

3

satisfy this burden as a matter of law.'" Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (quoting Mainstreet Collection, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995)).

B.  Motion to Compel (D.E. 27)

　　1.  Interrogatories 6(a) and 7(a)

Plaintiff requests an explanation of terms used in defendant's responses to interrogatories 6(a) and 7(a). (Pl.'s Mem. in Supp. (D.E. 28) at 5–7). Specifically, definitions of the terms "PAROLE REVIEW COMPLETE/ANALYST" and "STATUS REVIEW," as such terms do not, on their face, provide complete responses to the interrogatories. (Id. at 6).

Interrogatory 6(a) and defendant's response are as follows:

6.  For each year from 2015 to the present, state the following:

　　a.  The number of JUVENILE PAROLE CASES reviewed by the COMMISSION.

Defendant Fowler's response: OBJECTION, numbers prior to July 1, 2018 are not relevant to this lawsuit.

| 2018 | PAROLE REVIEW COMPLETE/ANALYST | 50 |
| 2018 | STATUS REVIEW | 51 |
| 2019 | PAROLE REVIEW COMPLETE/ANALYST | 82 |
| 2019 | STATUS REVIEW | 129 |
| 2020 | PAROLE REVIEW COMPLETE/ANALYST | 98 |
| 2020 | PAROLE REVIEW COMPLETE/ANALYST | 67 |
| 2020 | STATUS REVIEW | 79 |

SUPPLEMENTAL RESPONSE (Without waiving objection to years prior to 2018 and subsequent to Plaintiff's lawsuit, as such information is not relevant and therefore not discoverable, Defendant Fowler is supplying the

4

following information pursuant to agreed upon stipulations in correspondence between the parties on March 9, 2023 and March 14, 2023)

| 2018 | PAROLE REVIEW COMPLETE/ANALYST | 50 |
| 2018 | STATUS REVIEW | 51 |
| 2019 | PAROLE REVIEW COMPLETE/ANALYST | 82 |
| 2019 | STATUS REVIEW | 129 |
| 2020 | PAROLE REVIEW COMPLETE/ANALYST | 96 |
| 2020 | STATUS REVIEW | 134 |
| 2021 | PAROLE REVIEW COMPLETE/ANALYST | 89 |
| 2021 | STATUS REVIEW | 153 |
| 2022 | PAROLE REVIEW COMPLETE/ANALYST | 45 |
| 2022 | STATUS REVIEW | 77 |

(Pl.'s Ex. 2 (D.E. 28-2) at 7–6).

Interrogatory 7(a) and defendant's response are as follows:

7. For each year from 2015 to the present, state the following:

   a. [#9] The number of ADULT PAROLE CASES reviewed by the COMMISSION.

Defendant Fowler's response:

| 2018 | PAROLE REVIEW COMPLETE/ANALYST | 394 |
| 2018 | STATUS REVIEW | 253 |
| 2019 | PAROLE REVIEW COMPLETE/ANALYST | 613 |
| 2019 | STATUS REVIEW | 557 |
| 2020 | PAROLE REVIEW COMPLETE/ANALYST | 629 |
| 2020 | STATUS REVIEW | 433 |

OBJECTION, numbers prior to July 1, 2018 are not relevant to this lawsuit.

SUPPLEMENTAL RESPONSE (Without waiving objection to years prior to 2018 and subsequent to Plaintiff's lawsuit, as such information is not relevant and therefore not discoverable, Defendant Fowler is supplying the following information pursuant to agreed upon stipulations in correspondence between the parties on March 9, 2023 and March 14, 2023.):

| 2018 | PAROLE REVIEW COMPLETE/ANALYST | 394 |
| 2018 | STATUS REVIEW | 253 |

| | | |
|---|---|---|
| 2019 | PAROLE REVIEW COMPLETE/ANALYST | 612 |
| 2019 | STATUS REVIEW | 555 |
| 2020 | PAROLE REVIEW COMPLETE/ANALYST | 898 |
| 2020 | STATUS REVIEW | 689 |
| 2021 | PAROLE REVIEW COMPLETE/ANALYST | 849 |
| 2021 | STATUS REVIEW | 633 |
| 2022 | PAROLE REVIEW COMPLETE/ANALYST | 491 |
| 2022 | STATUS REVIEW | 483 |

(Pl.'s Ex. 2 (D.E. 28-2) at 7–8).

As noted, defendant objects to providing explanations or definitions for the terms "PAROLE REVIEW COMPLETE/ANALYST" and "STATUS REVIEW" on the basis that such information is not relevant to the instant case. (Def.'s Resp. (D.E. 35) at 4). However, defendant provides no showing demonstrating how such information is irrelevant. (Id. at 4–5). Defendant also argues that by seeking an explanation of these terms, plaintiff is requesting, in essence, additional interrogatories, which exceed the limit provided in Federal Rule of Civil Procedure 33(a). (Id. at 5).[1]

Plaintiff argues that the data requested in interrogatories 6(a) and 7(a) are relevant because such information would aid in determining whether the Commission continues to "rarely parole" juvenile offenders compared to adult offenders, in violation of Hayden v. Keller, 134 F. Supp. 3d 1000 (E.D.N.C. Sept. 25, 2015).[2] The court finds that the numbers of juvenile parole cases the

---

[1] Defendant also objects to plaintiff's request for discovery regarding dates prior to 2018 on the basis that such data is not relevant to this case. (Def.'s Resp. (D.E. 35) at 5–6). However, plaintiff does not seek production of this information in the instant motion. Accordingly, the court does not address defendant's argument.

[2] The court in Hayden held that, as it existed in 2015, "the North Carolina parole review process for juvenile offenders serving a life sentence violate[d] the Eighth Amendment" because it failed to provide a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 134 F. Supp. 3d at 1011. The court further ordered the parties "to present a plan for the means and mechanism for compliance with the mandates of [Graham v. Florida, 560 U.S. 48 (2010),] to provide a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation to juvenile offenders convicted as adults." Id. The court later adopted the Commission's

6

Commission has reviewed versus the number of adult parole cases is relevant in this action because it may demonstrate whether juveniles continue to be "rarely paroled" when compared to adults. This in turn may have a tendency to make it more or less probable that plaintiff was not given a meaningful opportunity at parole in violation of the Eighth Amendment of the United States Constitution, as argued in this case.

The court next addresses defendant's argument that, by seeking explanation of the terms "PAROLE REVIEW COMPLETE/ANALYST" and "STATUS REVIEW," plaintiff seeks an unpermitted number of interrogatories. (Def.'s Resp. (D.E. 35) at 5). Defendant notes he attempted to answer plaintiff's questions during discovery negotiations. (Id.). Specifically, defendant provided in an unsworn letter to plaintiff's counsel providing definitions for "PAROLE REVIEW COMPLETE/ANALYST" and "STATUS REVIEW." (Def.'s Ex. 13 (D.E. 14) at 1–2). "PAROLE REVIEW COMPLETE/ANALYST" was defined as "a shorthand term that refers to notes made by the analyst about the offender's parole status and which are available for review by the Commission." (Id. at 1). "STATUS REVIEW" was defined as "a shorthand term that refers to notes made by the analyst that are used to tickle the calendar for parole events regarding an offender." (Id. at 2).

As noted above, interrogatories 6(a) and 7(a) requested "[t]he number of JUVENILE PAROLE CASES reviewed by the COMMISSION" and "[t]he number of ADULT PAROLE CASES reviewed by the COMMISSION," respectively. (Pl.'s Ex. 2 (D.E. 28-2) at 5, 7). Defendant's responses are insufficient. It is unclear how numbers provided under the categories

---

proposed plan, and, after extensions, ordered implementation of the plan by July 28, 2018. Hayden v. Keller, No. 5:10-CT-3123-BO, (D.E. 96, 113) (E.D.N.C. Nov. 2, 2017 & Mar. 19, 2018).

"PAROLE REVIEW COMPLETE/ANALYST" and "STATUS REVIEW" are numbers of parole cases reviewed by the Commission. Moreover, the definitions of the terms provided by defendant inject further ambiguity into the answers provided by opening the possibility that the numbers provided in both categories may include parole cases not reviewed by the Commission. Accordingly, plaintiff's motion to compel is granted as to interrogatories 6(a) and 7(a), and defendant is directed to supplement his answers.

2. Interrogatory 18 and Request for Production of Document 16

In interrogatory 18 and request for production of documents 16, plaintiff seeks the identities of similarly-situated individuals who have been granted parole or a MAPP agreement and the data collected in compliance with Hayden for the time period of 2018 to 2021. (Id. at 11–12, 16; see also Pl.'s Mem. in Supp. (D.E. 28) at 7–10).

Interrogatory 18 and defendant's response are as follows:

18. For the time period of November 2017 to the present, state the names and OPUS numbers for each inmate convicted of second-degree murder as either a juvenile of an adult who was:

    a. [#26] granted parole without having a MAPP agreement; or

    b. [#27] provided a MAPP agreement

Defendant Fowler's response:

OBJECTION, information about other inmates' parole files which identifies the inmates is confidential. Information prior to 2018 is not relevant to this lawsuit.

    a. Since November 2018, 4 adults convicted of second degree murder have been paroled without a MAPP agreement, and no juvenile offenders convicted of second degree murder have been paroled without a MAPP agreement.

8

> b. Since November 2018, 45 adults convicted of second degree murder have been paroled with a MAPP agreement, and 18 juvenile offenders convicted of second degree murder have been paroled with a MAPP agreement.
>
> FURTHER OBJECTION, Plaintiff has exceeded the number of interrogatories, including all discrete subparts, allowed by Rule 33 of the Federal Rules of Civil Procedure, such that Defendant Fowler is not obligated to respond or supplement previously submitted responses to which a response is not required.

(Pl.'s Ex. 2 (D.E. 28-2) at 11–12).

Request for production of documents 16 and defendant's response are as follows:

> 16. All data collected by the COMMISSION in compliance to the following plan adopted by the court in HAYDEN: "The Parole Commission will collect and maintain data, along the lines of its current practices, including how many parole review hearings for the population of Eligible Offenders are held annually, the results of the parole review process for the population of Eligible Offenders, and a statistical breakdown on the bases of age, race, gender, and type of criminal offense of parole review hearings conducted for Eligible Offenders."
>
> See BATES 2646-2659, OBJECTION to any identifying information about other inmates.
>
> SUPPLEMENTAL OBJECTION – Without waiving any prior objection, although the parties have discussed this request, an agreement has not been reached. Defendant Fowler maintains his position regarding information not contained in Plaintiff's own parole file, identifying other inmates by name and OPUS number. The undersigned maintains that such information is protected by statute as "confidential," and is not relevant to Plaintiff's lawsuit. Information regarding the population of other offenders has been provided in response to this request, such that the inclusion of names and OPUS numbers is not likely to lead to other discoverable information.

(Id. at 16). In response to the request for production of documents, defendant provided a spreadsheet for the time period of 2022 to 2023. The spreadsheet included information for the following categories pertaining to eligible offenders: name, OPUS number, race, gender, age, criminal offense(s), number of Hayden parole reviews for the time period of

9

2022 to 2023, material submitted on behalf of eligible inmate, and result of parole review. (Pl.'s Ex. 8 (D.E. 28-8)). However, the names and OPUS number were redacted from the spreadsheet. (See id.).

Defendant argues that information concerning other inmates is confidential pursuant to North Carolina General Statute § 148-76 and privileged under federal law. (Def.'s Resp. (D.E. 35) at 6). Defendant further argues that such information is irrelevant to the instant case, the information is publicly available, and plaintiff has exceeded the number of permitted interrogatories. (Id. at 6–8).

First the court addresses plaintiff's request for data for the time period of 2018 to 2021. (Pl.'s Mem. in Supp. (D.E. 28) at 9–10). Defendant only objects to providing data prior to 2018. (Def.'s Resp. (D.E. 35) at 5–6). Accordingly, defendant is instructed to provide the relevant data for 2018 through 2021.

Defendant did not object to relevancy or the number of interrogatories in his original responses to interrogatory 18 or request for production of documents 16. (See Pl.'s Ex. 1 (D.E. 28-1) at 9-10, 12).[3] Defendant argues good cause exists to excuse the waiver regarding the number of interrogatories because defense counsel "was under a doctor's care for an extended illness" during her first attempt to draft objections. (Def.'s Resp. (D.E. 35) at 5). Specifically, defense counsel indicates that she was unable to work due to illness from January 2 to 16, 2023, was under a doctor's care until January 17, 2023, and worked on discovery in this case from bed for 16 hours on January 13, 2023. (Def. Mot. for Extension of Time to Resp. (D.E. 31) ¶¶ 32, 34). Defendant

---

[3] In his response to the instant motion to compel, defendant only objected to the relevancy of information prior to 2018. However, the motion to compel seeks information from 2018 forward.

10

further states that subsequent actions demonstrate an intent to object to an unpermitted number of interrogatories. (Id.). However, even considering defendant's later objection, defendant provided at least a partial answer to interrogatory 18. (Pl.'s Ex. 1 (D.E. 28-1) at 9-10). Additionally, defendant did not raise the objection to interrogatory 18 regarding the number of interrogatories until March 27, 2023, after extensive communication with plaintiff's counsel. (See Pl.'s Ex. 2 (D.E. 28-2) at 11–12, 25; see also Def.'s Ex. 6 (D.E. 35-7); Def.'s Ex. 7 (D.E. 35-8); Def.'s Ex. 8 (D.E. 35-9); Def.'s Ex. 9 (D.E. 10); Def.'s Ex. 10 (D.E. 35-11); Def.'s Ex. 11 (D.E. 35-12); Def.'s Ex. 12 (D.E. 35-13); Def.'s Ex. 13 (D.E. 35-14); Def.'s Ex. 14 (D.E. 35-15); Def.'s Ex. 15 (D.E. 35-16); Def.'s Ex. 16 (D.E. 35-17)).

Where defendant has provided at least a partial answer to interrogatory 18, he has waived the objection that plaintiff has exceeded the interrogatory limit. See Mondragon v. Scott Farms, Inc., 329 F.R.D. 533, 541 (E.D.N.C. Jan. 5, 2019) ("If a party . . . decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve."); Knit With v. Knitting Fever, Inc., Nos. 08-4221, 08-4775, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010) ("Notwithstanding Defendant's non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a) ] as to the remaining interrogatories." (alteration in original)).

When determining whether there is good cause to excuse waiver, the court

> should look into the circumstances behind the failure to object [or in this case, timely respond], whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance. The Court may also look at subsequent actions by the party to ascertain whether it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner. The court should always take into

11

account any resulting prejudice or lack thereof, and the need to preserve the integrity of the rules by serving as a warning to other litigants. Finally, the Court may assess lesser sanctions should that be more appropriate.

Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 182-83 (S.D.W. Va. Dec. 21, 2010) (quoting Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 259 (M.D.N.C.2001)). Here, defense counsel reports that she was unable to work for approximately 15 days in January 2023. (See Def. Mot. for Extension of Time to Resp. (D.E. 31) ¶¶ 32, 34; Def.'s Resp. (D.E. 35) at 5). However, the apparent inadvertent failure to object to interrogatory 18 was not corrected until March 27, 2023, when defendant provided supplemental answers to the initial set of interrogatories. (See Pl.'s Ex. 2 (D.E. 28-2) at 11–12). While the court acknowledges the difficulties defense counsel's illness may have placed on her ability to respond to discovery, such a delay correcting the failure to object does not constitute good cause excusing waiver. See Drexel Heritage Furnishings, Inc., 200 F.R.D. at 259 (excusing waiver where party "acted quickly in making their position known concerning the [failure to object], and defendants promptly filed a motion for a protective order").

Defendant has also waived objection based on relevance as to interrogatory 18 and request for production of documents 16. See Erie Ins. Property & Cas. Co., 272 F.R.D. at 182–84. Regardless, the court finds that the names and OPUS numbers of other inmates convicted of second-degree murder are not relevant to the instant action. Plaintiff argues that names and OPUS numbers may lead to background information on inmates that have been granted parole with or without a MAPP agreement. (Pl.'s Mem. in Supp. (D.E. 28) at 7-8). Plaintiff contends such information is relevant in "assessing the veracity of the Parole Commission's claims that granting

12

[p]laintiff parole would 'unduly depreciate the seriousness of the crime or promote disrespect for the law' and that 'there is a substantial risk that [plaintiff] would engage in further criminal conduct.'" (Id.). Plaintiff also argues this information is relevant to determining whether current procedures adequately protect the constitutional rights of juvenile offenders as required by Hayden. (Id. at 8).

Under North Carolina law, "the Parole Commission has the exclusive discretionary authority to grant or deny parole." Hayden, 134 F. Supp. 3d at 1006 (citing N.C. Gen. Stat. § 143B-720 (2014); N.C. Gen. Stat. § 15A-1371(d) (2014)). Moreover, "[a] federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions." Spaulding v. N.C. Parole Comm'n, No. 5:15-HC-2307-FL, 2017 WL 979022, at *2 (E.D.N.C. Mar. 13, 2017) (quotation omitted). In seeking information to determine that "veracity" of the Commission's decision, plaintiff is seeking information not reviewable by this court. Additionally, it is unclear how other paroled inmates' background information will aid in determining whether the current parole procedures for juvenile offenders is constitutional. Instead, such information appears to invite the review of the merit of previous parole hearings, which, as previously stated, is not permitted.

Accordingly, defendant is ordered to provide the relevant information for the years 2018 to 2021 for interrogatory 18 and request for production of documents. However, defendant is not required to provide names and OPUS numbers for other inmates.

13

3. Requests for Production of Documents 17 and 18

Plaintiff seeks the Commission's policies, procedures, and practices for review of juvenile and adult parole cases. (Pl.'s Mem. in Supp. (D.E. 28) at 4–5). Request for production of documents 17 and defendant's response are as follows:

> 17. All DOCUMENTS RELATING TO the policies, procedures, and practices in effect between November 2017 and the present concerning JUVENILE PAROLE CASES.
>
> See BATES 2660-2697, OBJECTION to information regarding other inmates and security information.
>
> SUPPLEMENTAL OBJECTION – Without waiving any prior objections, although the parties have discussed this request, an agreement has not been reached. Defendant Fowler maintains his position regarding certain internal information such as the storage and location of inmate parole files, as such information would compromise the files for purposes of cybersecurity. Defendant Fowler also maintains his position regarding information not contained in Plaintiff's own parole file, identifying other inmates by name and OPUS number. The undersigned maintains that such information is protected by statute as "confidential," and is not relevant to Plaintiff's lawsuit. Information regarding the population of other offenders has been provided in response to this request, such that the inclusion of names and OPUS numbers is not likely to lead to other discoverable information.

Request for production of documents 18 and defendant's response are as follows:

> 18. All DOCUMENTS RELATING TO the policies, procedures, and practices in effect between November 2017 and the present concerning ADULT PAROLE CASES.
>
> See BATES 2698-2723, 2724-2728, OBJECTION to information regarding security information.
>
> SUPPLEMENTAL OBJECTION – Without waiving any prior objections, although the parties have discussed this request, an agreement has not been reached. Defendant Fowler maintains his position regarding certain internal information such as the storage and location of inmate parole files, as such information would compromise the files for purposes of cybersecurity.

14

Additionally, in response to request for production of documents 17 and 18, defendant provided redacted versions of two documents from the Standard Operations Manual for the North Carolina Post-Release and Parole Commission. (Pl.'s Ex. 4 (D.E. 28-4); Pl.'s Ex. 5 (D.E. 28-5)). The redactions included full paragraphs and pages. (See, e.g., Pl.'s Ex. 4 (D.E. 28-4) at 24-26, 37-39; Pl.'s Ex. 5 (D.E. 28-5) at 4, 17, 20, 23, 25).

Defendant argues that the redacted information should not be produced because: 1) certain portions are "related to the storage and access of Commission's files" and would "undermine[] the safety and security of the parole system, by providing 'specific security information,' albeit cybersecurity"; and 2) other portions are "related to documentation and information gleaned from communications with the Commission's counsel, following exchange with counsel of confidential inmate information." (Def.'s Resp. (D.E. 35) at 8–9).

The court first addresses defendant's argument regarding portions of the manual that were redacted because of cybersecurity concerns. Defendant cites the following two cases in support of his argument: Schnatter v. 247 Grp., LLC, No. 3:20-CV-00003-BJB-CHL, 2022 WL 188193 (W.D. Ky. Jan. 20, 2022), and Jones v. Goord, No. 2002 U.S. Dist. LEXIS 8707 (S.D.N.Y. May 15, 2022). (Def.'s Resp. (D.E. 35) at 8). However, these cases are not on point with the instant case. Schnatter pertains to the sealing of exhibits attached to a motion to dismiss to make sensitive information unavailable to the public. 2022 WL 188193, at *1. Jones addresses the disclosure of massive amounts of electronically stored information which would be overly burdensome for the defendants to produce and would require the uploading sensitive information into foreign computer systems. 2002 U.S. Dist. LEXIS, at *19–47. Neither situation is present in the instant case.

15

The protective order in the instant case allows "sensitive security information" that is associated with prison operations to be designated as "Attorneys' Eyes Only Confidential Information." (Pl.'s Ex. 6 (D.E. 28-6) at 3–4). Thus, the protective order that is in place adequately addresses defendant's cybersecurity concerns.

The court next addresses defendant's contention that redacted portions are protected by attorney-client privilege. Firstly, defendant did not indicate in his privilege log that these documents were protected by attorney-client privilege. (See Def.'s Privilege Log (D.E. 25-1) at 11). Secondly, the communications were not between a client and an attorney, but the chief administrator of the North Carolina Parole Commission and the Commission itself. (See Pl.'s Ex. 4 (D.E. 28-4) at 2; Pl.'s Ex. 5 (D.E. 28-5) at 2; Stevens' Aff. (D.E. 35-1) ¶ 11). While portions of the documents may have stemmed from correspondence with counsel, this does not then bring those statements within the attorney client privilege. Nat'l Labor Relations Bd. v. Interbake Foods, LLC, 637 F.3d 492, 501–02 (4th Cir. 2011) (providing the four-part test to establish attorney-client privilege, including the requirement that the communication occur between a client and their attorney); Zander v. Dep't of Justice, 885 F. Supp. 2d 1, 15–16 (D.C. June 20, 2012) (providing that attorney-client privilege protects certain communications from an attorney to a client).

To the extent defendant argues that the names and OPUS numbers of other inmates are confidential and irrelevant to the instant suit, the court finds such arguments unavailing. Regarding confidentiality, the protective order adequately addresses such concerns. Regarding relevancy, to the extent other inmates' names and OPUS numbers are included in the Standard Operations Manual, such information is relevant to showing the procedure the Commission followed in plaintiff's parole hearings.

16

Accordingly, plaintiff's motion is granted, and defendant is ordered to reproduce documents in response to request for production of documents 17 and 18 in their entirety and in accordance with the protective order.

C.  Plaintiff's Request for Expenses

Plaintiff requests attorney's fees related to the filing of his motion to compel. (Pl.'s Mem. in Supp. (D.E. 28) at 10). Absent certain circumstances, Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

However, "the court must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, the court finds defendant provided responses to plaintiff's discovery requests in a timely manner, and both parties engaged in good faith attempts to resolve discovery disputes. Further, each parties' position was substantially justified and had a reasonable basis in law and fact. See Decision Insights, Inc. v. Sentia Grp., Inc., 311 F. App'x 586, 599 (4th Cir. 2009) ("A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" (quoting Pierce v. Underwood, 487 U.S. 552, 565–66 n.2 (1988))). Thus, the court declines to award expenses.

17

D.   Motion to Seal (D.E. 33)

Defendant seeks to seal plaintiff's exhibits 1, 2, 4, 5, and 8 submitted with plaintiff's motion to compel. Defendant asserts that the information contained in these exhibits that are confidential under North Carolina law and were produced under the terms of the protective order in effect in this case. (Def.'s Mem. in Supp. of Mot. to Seal (D.E. 34) at 1–2). Plaintiff did not respond in opposition. The public has been had adequate notice of the motion to seal. Given the confidential nature of the documents, there are not less drastic alternatives to sealing. Accordingly, the court grants the motion.

## CONCLUSION

For the reasons discussed above, the STAY in this case is LIFTED. Defendant's motion to seal (D.E. 33) is GRANTED. Plaintiff's motion to compel (D.E. 27) is GRANTED IN PART AND DENIED IN PART on the terms set forth above. Each party shall bear their own expenses on the motion to compel. Defendant is DIRECTED to provide plaintiff supplemental discovery as ordered herein within **14 days** of entry of this order. Dispositive motions shall be filed no later than **August 28, 2023**. The clerk is DIRECTED to maintain docket entries 28-1, 28-2, 28-4, 28-5, and 28-8 under seal. The remaining documents of docket entry 28 and its attachments are to be unsealed.

SO ORDERED, this the 25th day of July, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge